M. H. WHITTIER COMPANY, a Corporation, Appellant, *v.* PERCY M. CHANDLER, Respondent.

First Department, November 1, 1929.

*Caruthers Ewing*, for the appellant.

*Paul Bonynge* of counsel [*Edward Ward McMahon* and *Daniel A. Dorsey* with him on the brief; *Graham, McMahon, Buell & Knox*, attorneys], for the respondent.

PER CURIAM. The defendant was charged with conspiring with members of the firm of Chandler Bros. & Co., a stock brokerage house, to cheat and defraud the plaintiff and convert its stock. After a trial lasting several days, the jury found a verdict for the defendant.

Although we express no opinion with reference to the merits of the case, it is necessary to reverse the judgment because of the numerous immaterial but prejudicial matters which were brought into the trial by the defendant's counsel.

The appellant has set forth at length many instances where the defendant insisted on referring to matters that had nothing whatever to do with the issues framed by the pleadings. The large record may in part be accounted for by the persistent efforts of the defendant's counsel to place such matters before the jury. The jurors were constantly reminded that the customer for whose account the plaintiff pledged stock had several accounts with Chandler Bros. & Co. in different names, one of which was in the name of a married woman; that she was permitted to draw $100 a week from the account which had been guaranteed by that customer. The monthly allowances and facts surrounding the account were frequently brought to the attention of the jurors. This was only one of a number of similar incidents.

It is urged upon this appeal that so much extraneous matter was injected into the trial that the real issues were overshadowed to such an extent that it was impossible to obtain a fair trial. It is also argued that a large amount of evidence was placed before the jury with the single purpose of prejudicing the plaintiff and plaintiff's case, thereby obtaining an unfair advantage and an unfair result.

Incompetent testimony was admitted in an effort to show that one Guiberson was a worthless fellow and that a man named Little was a friend of Guiberson and was in charge of the New York office; that Little had once been arrested and was unreliable. No evidence was introduced to show that he had been convicted of any crime.

The whole purpose of this course was to belittle in the eyes of the jury the plaintiff's claim. The real issues appear to have been lost sight of in the mass of immaterial matter presented by the testimony relating thereto.

We are of the opinion that the appellant's contention is correct, that the result was probably brought about by the method of trial resorted to by the attorney who represented the defendant.

This course has been followed in the brief submitted by the defendant. Counsel refers at length to a case which was prosecuted in the criminal courts, although the facts upon which the brief is founded are not in evidence.

It will serve no useful purpose to set forth at length the numerous matters brought out before this jury, all of which could have had no purpose except to prejudice the plaintiff's case.

The judgment and order should be reversed and a new trial ordered, with costs to appellant to abide the event.

Present — DOWLING, P. J., FINCH, McAVOY, MARTIN and O'MALLEY, JJ.

Judgment and order reversed and a new trial ordered, with costs to the appellant to abide the event.