SAMUEL A. GUIBERSON, JR., Respondent, Appellant, *v.* PERCY M. CHANDLER, Appellant, Respondent.

First Department, March 6, 1931.

*Caruthers Ewing*, for the plaintiff.

*Martin Conboy* of counsel [*Hersey Egginton*, *Paul Bonynge* and *Edward Ward McMahon* with him on the brief; *Graham, McMahon, Buell & Knox*, attorneys], for the defendant.

PER CURIAM. The amount of the verdict in plaintiff's favor, $185,769.84, was reached by taking the market value of the shares of stock claimed to have been converted on December 13, 1920, and December 29, 1920.

Defendant was not then a member of the firm of Chandler Brothers & Co., who had received these shares and whose acts directly caused the damage. He has been held liable because of an alleged conspiracy with the members of that firm said to have commenced on December 10, 1920, in which he counseled a course of conduct which resulted in depriving plaintiff of his property.

Upon the first trial of this action the verdict was for defendant, and the judgment was here reversed (*sub nom. Whittier Co. v. Chandler*, 227 App. Div. 70), for errors during the trial. Plaintiff then contended here in the brief that a direction of a verdict in its favor should have been made, but this court held that a jury question was presented.

Plaintiff again urges, although the evidence is not materially different, that the present judgment be upheld upon the ground that he was entitled to a directed verdict in his favor and asserts in his brief accordingly that any error or defect found in the judge's charge should be regarded as immaterial. The views expressed in that regard upon the prior appeal defeat this contention.

The charge did not properly submit to the jury whether or not defendant's conduct and advice were the proximate cause of plaintiff's loss, nor state that plaintiff had the burden of establishing by the fair weight of the evidence the elements necessary to a recovery; the court refused to charge upon those and other pertinent

matters and refused requests presented by defendant bearing upon the issue of his knowingly joining the alleged conspiracy and also virtually took from the jury defendant's claim that he entered into no conspiracy but had acted in good faith and upon an honest belief in the propriety of his conduct and advice.

For these reasons, we are constrained to reverse the judgment and order appealed from and direct a new trial, with costs to the defendant to abide the event.

Present — DOWLING, P. J., MERRELL, FINCH, O'MALLEY and SHERMAN, JJ.

Judgment and order reversed and a new trial ordered, with costs to the defendant to abide the event.